Joel Zelkowitz, Esq.
Atty ID No. 5601786
USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Phone:  201-342-7100
Fax:      201-342-1810
**_Attorneys for Plaintiff, Jane Doe, M.D._**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ <br><br> JANE DOE, M.D. <br><br> Plaintiff, <br><br> vs. <br><br> THE LINCOLN NATIONAL <br> LIFE INSURANCE COMPANY, <br><br> Defendant. <br> _____ | Civil Action No. _____ <br><br><br> ECF CASE <br><br> COMPLAINT |

Plaintiff, JANE DOE, M.D.[1] (hereinafter "Dr. Doe" or "Plaintiff"), by way of Complaint against the Defendant, LINCOLN NATIONAL LIFE INSURANCE COMPANY (hereinafter "Lincoln" or "Defendant"), by and through her attorneys, Uscher, Quiat, Uscher & Russo P.C., alleges as follows:

1.      Plaintiff is a resident of the State of New York, County of Wayne, with a primary residence located in Newark, New York.

---

[1] Plaintiff has used her initials instead of her full name to protect her privacy, as well as her professional standing.

2.      Defendant, Lincoln, is a disability insurance carrier licensed to do business in the State of New York with a principal place of business in Fort Wayne, Indiana.

3.      The Policyholder, Rochester Regional Health, is a health system operating in Rochester, New York, with offices in Geneva, New York where Plaintiff worked.

4.      Jurisdiction and venue are proper in this Court pursuant to 29 USC § 1001 *et seq.* and 28 USC § 1331 *et seq.* and 28 USC § 1391 *et seq.*

## ESSENTIAL FACTS

5.      Plaintiff, Jane Doe, M.D. (hereinafter referred to as "Dr. Doe" or "Plaintiff"), is a 40-year-old woman who lives in Newark, NY. From 2015 until the time of her disability in 2023, Dr. Doe was employed as an OB-GYN at Rochester Regional Health (hereinafter "RRH"), a health system operating throughout the Greater Rochester, New York region.

6.      Dr. Doe was an attending OB-GYN at Newark-Wayne Community Hospital, where she regularly attended to deliveries and frequently encountered stressful medical emergencies. Dr. Doe also treated patients in an office setting.

7.      While employed by RRH, Dr. Doe was a beneficiary under RRH's Long-Term Disability (LTD) plan, underwritten and issued by Lincoln (hereinafter referred to as the "Policy"). At all times relevant to the matter, Lincoln was a fiduciary responsible for claims administration under the Policy. This Policy is an Employee Welfare Benefit Plan and is therefore covered by the Employee Retirement Income Security Act, also known as ERISA.

8.      Under the Policy, Dr. Doe is considered disabled during the elimination period and first 24 months of benefits if, due to injury or sickness, she is unable to perform the material and

substantial duties of her "own occupation" as an OB-GYN. Disabilities which are due to mental

illness are subject to a 24 month limitation on payment of benefits under the terms of the Policy.

## PLAINTIFF'S MEDICAL HISTORY

9.     As noted above, Dr. Doe was responsible for frequently attending to highly stressful

medical emergencies at the attending OB-GYN at Newark Wayne Community Hospital. Dr. Doe

witnessed firsthand terrible and traumatic medical events, particularly at the end of 2015 and in

2016, which frequently involved the graphic and gruesome deaths of newborn babies and/or their

mothers.

10.     Beginning from before the time they were married in 2012, and lasting all the way

until the time they divorced in 2019, Dr. Doe's ex-husband subjected her to daily and near-constant

physical, sexual, and verbal abuse. She was frequently abused and harassed by her ex-husband

even while working as an OB-GYN in her office and while working in the hospital.

11.     Approximately 2 years after starting work as an OB-GYN for Rochester Regional

Health, Dr. Doe became increasingly fearful of going into the hospital for her 24-hour on-call

shifts. She began experiencing frequent anxiety and panic, and heightened panic each time she

drove to the hospital to begin a shift. She was unable to sleep during the night before any of her

hospital shifts, as her mind was consumed by waking flashbacks of the traumatic events she had

previously witnessed during these shifts. She also began experiencing vivid nightmares on a

frequent basis in 2016.

12.     At the end of 2016 and the beginning of 2017, Dr. Doe experienced worsening

difficulty with focus and concentration while she was at work – both while seeing patients in her

office and during her on-call shifts at the hospital. She experienced difficulty processing and

recalling information from her patients. Her memory became poor, and she could not remember recent medical events that her nurses brought to her attention.

13.    Dr. Doe also had trouble accessing her fund of OB-GYN knowledge, which was very concerning to her as she frequently attended OB-GYN emergencies at the hospital as the only OB-GYN on staff. She experienced several episodes where she could not recall basic facts such as the names of medical conditions or the names of medications that needed to be administered.

14.    Dr. Doe began seeing psychiatrist Dr. John Marino in 2017. After a few sessions with Dr. Marino, Dr. Doe was diagnosed with Post-Traumatic Stress Disorder (PTSD), depression, and anxiety. She was prescribed an SSRI anti-depressant medication; however, it did not seem to improve her symptoms. Shortly thereafter, she was prescribed and began taking Wellbutrin, although she continued to experience severe anxiety, panic, and depression on a daily basis.

15.    In or around 2018, after extensive discussions and advice from Dr. Marino, Dr. Doe recognized that she was restricted and limited from continuing to work overnight shifts at Newark-Wayne Community Hospital, because attending to active gynecological or obstetric emergencies was triggering severe anxiety and panic attacks. While making these changes made to her work schedule in 2018 did temporarily result in minimal improvement of Dr. Doe's psychiatric symptoms for a few months, her symptoms worsened once again shortly thereafter.

16.    It became increasingly difficult for Dr. Doe to see patients in her office. Her anxiety and panic gradually worsened between 2018 and 2023, despite her continued psychiatric treatment with Dr. Marino and his psychiatric nurse practitioner, Kathy Rose, N.P., as well as frequent therapeutic treatment she underwent with Jeanne McClung, L.C.S.W. beginning in 2019. Her

treatment has also involved the use of several different psychotropic medications including Wellbutrin, Klonopin, Ritalin, Concerta, Xanax, Restoril, Prazosin, and Lamictal.

17.     Dr. Doe began to experience frequent panic attacks in her office, and by 2023, she was experiencing panic attacks at least once each day, and very frequently, she experienced multiple panic attacks each working day.

## PLAINTIFF'S CLAIM FOR DISABILITY BENEFITS

18.     After several discussions with Dr. Marino, Nurse Practitioner Rose and her therapist, Jeanne McClung, LCSW, Dr. Doe finally recognized that she had no option but to stop working, both for her own safety and for the safety of her patients. Dr. Doe last worked on June 1, 2023, and then proceeded to file a claim for disability benefits under the terms of her employer-provided Short Term Disability Policy with Lincoln. This claim was supported by Dr. Marino, Nurse Practitioner Rose, and Ms. McClung.

19.     Lincoln initially denied Dr. Doe's STD claim in a letter dated August 31, 2023, and Dr. Doe submitted an administrative appeal in October 2023. After review of that appeal, Lincoln sent Dr. Doe a letter dated January 5, 2024, advising her that her claim for Short Term Disability benefits had been approved.

20.     Unable to return to work following the conclusion of her Short Term Disability period, Dr. Doe submitted LTD claim forms on January 9, 2024. in a letter dated February 21, 2024, Lincoln approved Dr. Doe's claim for LTD benefits, with benefits approved retroactively to Dr. Doe's LTD start date of November 29, 2023. Lincoln subsequently also approved Dr. Doe's claim for Waiver of Premium benefits in connection with her employer-provided Lincoln life insurance policy.

21.    Lincoln paid LTD benefits on a monthly basis to Dr. Doe beginning on November 29, 2023. Dr. Doe continued treatment with Dr. Marino and Nurse Practitioner Rose. Her therapist, Ms. McClung, retired from practice in October 2023, at which time she began therapeutic treatment with Kristen DeBenedetto, L.M.H.C. Ms. DeBenedetto left the practice in March 2024, and Dr. Doe continued her therapeutic treatment at that time with Kinga Kondor-Hine, L.M.H.C.. She has continued to treat with Dr. Marino, Nurse Practitioner Rose, and Ms. Kondo-Hine through the present day.

## DEFENDANT'S TERMINATION OF PLAINTIFF'S CLAIM FOR DISABILITY BENEFITS

22.    Despite having approved Short Term Disability benefits from June 2023 to November 2023, and having approved Long Term Disability benefits on a monthly basis beginning in November 2023, Lincoln informed Dr. Doe in a letter dated February 28, 2025 that her claim for LTD benefits had been terminated effective February 27, 2025. (**Exhibit A**). Lincoln asserted that the medical information on file did not support Dr. Doe's inability to perform her own occupation as an OB-GYN, and therefore Dr. Doe was not disabled under the terms of the Policy.

23.    On March 4, 2025, Lincoln sent Dr. Doe a letter advising her that her claim for Waiver of Premium benefits through her employer-provided Lincoln life insurance policy had also been terminated.

24.    Dr. Doe submitted a timely administrative appeal to Lincoln dated August 6, 2025, which appealed both the termination of Dr. Doe's LTD claim as well as the termination of her life insurance Waiver of Premium benefits. Lincoln acknowledged its August 6, 2025 receipt of this appeal through letters sent to Plaintiff's counsel dated August 12, 2025. (**Exhibit B**).

6

25.    Lincoln's 45-day appeal review period expired on September 20, 2025. *See,* 29 CFR §2560-503-1(i). To date, Lincoln has not decided the August 6, 2025 administrative appeal, has not requested an extension of time, nor has the appeal been tolled by virtue of any request for additional information from the Plaintiff.

26.    Lincoln's termination of Plaintiff's LTD benefits was wrongful, and without basis in law or fact. Lincoln disregarded the evidence from Plaintiff's treatment providers which corroborate Plaintiff's psychiatric/cognitive impairments and how they preclude her from being employed in her own occupation as an OB-GYN. Defendant's failure to honestly consider all of the Plaintiff's medical evidence is a clear indication that Defendant was serving its own financial interests, despite its fiduciary obligations, in denying Plaintiff's claim.

27.    Defendant also failed to provide a full and fair review to Plaintiff during the appeal review period and failed to give due consideration to the significant medical evidence provided by the Plaintiff. Defendant never requested that Plaintiff attend an Independent Medical Examination despite language in the Policy which clearly allowed for such an examination to occur.

28.    The evidentiary support for the Defendant's termination of disability benefits is both inconsistent and self-serving. It reflected an intent by the Defendant to deny benefits to the Plaintiff by ignoring the significant medical evidence of disability submitted both before and during the appeal review period.

29.    Plaintiff has exhausted her administrative remedies.

30.    By virtue of Lincoln's failure to make a decision within the applicable appeals review period, Dr. Doe's claim is deemed denied, and therefore Plaintiff is entitled to the Court's *de novo* standard of review in this matter.

## AS AND FOR A FIRST CAUSE OF ACTION

31.    Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 30, as if fully set forth again herein.

32.    The Plaintiff is disabled within the meaning of the terms of the Policy and as such is entitled to the disability benefits provided thereunder.

33.    Defendant has failed to decide Plaintiff's administrative appeal within the time requirements of DOL Regulations and as such, this appeal is now "deemed denied" as a matter of law.

34.    By virtue of the foregoing, the Defendants have breached the terms of the subject Policy and have violated the requirements of the Employee Retirement Income Security Act, 29 USC §1132 (a)(1)(B), §502(a)(1)(B) and applicable regulations promulgated thereunder.

35.    As a further result, the applicable standard of review in this matter is *de novo* and not arbitrary and capricious.

## AS AND FOR A SECOND CAUSE OF ACTION (IN THE ALTERNATIVE)

36.    Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 35, as if fully set forth again herein.

37.    The Defendant's actions also constitute a breach of Defendant's fiduciary duty owed to the Plaintiff under §502(a)(3) and 29 USC §1132(a)(3). Placing its own interests over that of the Plaintiff, Defendant has failed to justly and equitably administer this claim, causing Plaintiff compensable equitable damages distinct, separate and apart from her right to benefits under the said Policy.

8

38.     The fiduciary duties breached by Defendant include, *inter alia* (i) failing to honestly consider all the evidence in support of Plaintiff's claim before termination of benefits, (ii) disregarding without a good faith basis the opinions of Plaintiff's treatment providers; (iii) selectively choosing which evidence to credit and which to ignore so as to deprive Plaintiff of benefits to which she is entitled under the Lincoln LTD Policy; (iv) claiming on the sole basis of a paper review that Plaintiff is not disabled under the terms of the Lincoln LTD Policy; and (v) failing to decide the appeal within the applicable 45-day appeal review period.

## AS AND FOR A THIRD CAUSE OF ACTION

39.     Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 38, as if fully set forth again herein.

40.     On March 3, 2025, Plaintiff's counsel sent a request to Defendant for access to the entire Administrative Record as well as the Plan documents. (**Exhibit C**).

41.     Under §502(c)(1)(B) and 29 U.S.C. §1132(c)(1)(B), Defendant was obligated to provide a copy of these documents to Plaintiff within 30 days of its receipt of that written request.

42.     Defendant produced a copy of the claim file, however, Defendant did not produce a copy of the Plan documents as requested in Plaintiff's counsel's March 3, 2025 correspondence.

43.     §502(c)(1)(B) and 29 U.S.C. §1132(c)(1)(B) impose a fine of $110 per day for failing to produce the requested documents.

44.     Defendant has not produced the requested Plan and is therefore in violation of §502(c)(1)(B) and 29 U.S.C. §1132(c)(1)(B). Therefore, Defendant is subject to a fine of $110 per day since March 3, 2025.

WHEREFORE, Plaintiff demands that this Court enter judgment against the Defendant as follows:

(a)     Declaring Plaintiff disabled within the meaning of Lincoln's LTD Policy;

(b)     Ordering the Defendant to pay Plaintiff all LTD benefits to which she is entitled;

(c)     Alternatively, awarding Plaintiff all equitable, make-whole relief under the Second Cause of Action;

(d)     Declaring Plaintiff disabled within the meaning of Lincoln's life insurance policy;

(e)     Under the First, Second, and Third Causes of Action, awarding to Plaintiff her costs of suit, including reasonable attorneys' fees;

(f)     Awarding to Plaintiff interest on all unpaid benefits and waiving any and all premium charges accruing with respect to said Policy of insurance;

(g)     Awarding to Plaintiff retroactive Waiver of Premium benefits on her Lincoln life insurance policy;

(h)     Awarding to Plaintiff statutory penalties in the amount of $110 per day since March 3, 2025 under the Third Cause of Action; and

(i)     Granting such other and further relief as this Court may deem just and equitable.

USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Phone  201-342-7100
Fax     201-342-1810

Dated:  September 22, 2025      By:      /s/ Joel D. Zelkowitz
                                         JOEL D. ZELKOWITZ
                                         Atty ID No. 5601786
                                         *Attorneys for Plaintiff, Jane Doe, M.D.*